UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY LOLIN JIMENEZ, SR.,

                Plaintiff,

      -against-                    17-CV-0534 (CM)

STRUCTURED ASSET MORTGAGE      ORDER
INVESTMENT II, INC.; BARON
SILVERSTEIN; BEAR STEARNS & CO.,

                Defendants.

COLLEEN MCMAHON, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On April 6, 2017, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff moved to reconsider the January 25, 2017 dismissal order, and by order dated May 10, 2017, the Court denied the motion.[1]

      Nearly three years after the initial order of dismissal, on January 2, 2020, Plaintiff filed a new motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking to set aside the judgment. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

      Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

---

[1] Plaintiff appealed the April 6, 2017 dismissal order, but his appeal was dismissed for failure to pay the filing fee or seek leave to proceed IFP. *See Jimenez v. Structured Asset Mortgage Investment II*, No. 17-1680 (2d Cir. July 28, 2017).

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion, filed nearly three years after entry of the 2017 order of dismissal that he challenges, was not made within a reasonable time and is therefore untimely.

Moreover, even if the Court were to reach the merits, Plaintiff's motion fails to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. On March 25, 2004, Plaintiff was convicted after a jury trial in *Colorado v. Jimenez*, Case No. D0602000CR000178 (Dt. Court of Colorado, Teller County), of second degree murder and related offenses and sentenced to 54 years of imprisonment. Plaintiff posits that there is a "security interest" created in connection with his criminal case. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff fails to plead facts showing that any of the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

Plaintiff also fails to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).[2]

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 15) is denied.

---

[2] In the prior motion, the Court concluded that appointment of a guardian *ad litem* to litigate claims such as these is unwarranted. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 13, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge